**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

JOSHUA WINDHEIM, on behalf of himself and all
others similarly situated,

      Plaintiff(s),

      v.

CORTEO BROTHERS, INC. d/b/a
UMBERTO'S RESTAURANT & PIZZERIA,
and SALVATORE CORTEO, individually,

      Defendants.

_____/

## CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA WINDHEIM (hereinafter referred to as "Windheim" or "Plaintiff") on behalf of himself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. § 448.440, and Art. X, Sec. 24 of the Florida Constitution, files this Class/Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, CORTEO BROTHERS, INC d/b/a UMBERTO'S RESTAURANT & PIZZERIA (hereinafter referred to as "Umberto's Pizzeria Restaurant" or "the restaurant"), and SALVATORE CORTEO ("Corteo"), individually, (Umberto's Restaurant and Corteo collectively referred to as "Defendants"), for their failure to pay Servers state and federal minimum wages and overtime wages, as follows:

## INTRODUCTION

1.    Plaintiff brings this class and collective action lawsuit under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X,

Sec. 24 of the Florida Constitution on behalf of himself and all Servers who work or have worked at the Umberto's Pizzeria Restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024 during the applicable statute of limitations. Defendants committed federal and state minimum wage violations because they failed to provide Servers with statutorily required tip notice. Defendants also frequently failed to pay Servers federal overtime wages when they worked more than forty (40) hours in a workweek.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant Servers who worked for Defendants within the last three (3) years at the Umberto's restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024.

4.      Plaintiff and the **FMWA putative class members** are/were restaurant Servers who worked for Defendants within the last five (5) years at the Umberto's restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024.

5.      Plaintiff worked for Defendants as a restaurant Server at the Umberto's restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024 from on or about October 19, 2019 until in or around August 2020.

6.      The proposed collective and class members worked for Defendants in the same capacity as Plaintiff in that they were non-exempt, tipped Servers for Defendants at the same Umberto's restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024.

7.     Plaintiff seeks certification of two (2) separate collectives under 29 U.S.C.

§ 216(b) for violations of the FLSA, as follows:

> **Tip Notice Collective: All Servers who worked for Defendants during the three (3) years preceding this lawsuit who did not receive proper notice from Defendants that they would be taking a tip credit toward the required federal minimum wage.**

> **Overtime Wage Collective: All Servers who were not paid overtime wages for their work above forty (40) hours in a workweek during the three (3) years preceding this lawsuit.**

8.     Plaintiff seeks certification of one (1) class under Fed. R. Civ. P. 23, the

FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

> **Tip Notice Class: All Servers who worked for Defendants during the five (5) years preceding this lawsuit who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

9.     The precise size and identity of each collective and class should be ascertainable from the business records, tax records, and/or personnel records of Defendants; however, Plaintiff estimates that the total number of class members in each class and collective exceeds 50 restaurant Servers.

10.     During all times material hereto, Defendant, Umberto's restaurant, was a Florida for-profit corporation operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

11.     Defendant, Corteo, is a resident of Broward County, Florida, and is subject to the jurisdiction of this Honorable Court.

12.     During all times material hereto, Defendants owned, operated, and controlled the Umberto's restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024.

13.     Defendants were the "employer" of Plaintiff and all members of the putative Class and Collectives as that term is defined by the FLSA and FMWA, during all times pertinent to the allegations herein.

14.     Defendants were also "joint employers" of Plaintiff and all members of the putative Class and Collectives as that term is defined by the FLSA, FMWA, and all pertinent regulations during all times material hereto.

15.     During all times material hereto, Defendant, Umberto's restaurant, was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices at its restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024.

16.     During all times material hereto, Defendant, Corteo, was also vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Umberto's restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024.

17.     Defendants implement uniform pay, tip, and time-keeping practices at the Umberto's restaurant that apply to all restaurant Servers.

18.     Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant Servers.

**JURISDICTION AND VENUE**

19.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendants, injunctive relief, and reasonable attorney's fees and costs.

20.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367

21.     The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

22.     Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper.

23.     Venue is also proper within Broward County, Florida.

24.     Plaintiff fulfilled all conditions precedent required to bring his class action claims under the FMWA.

25.     More specifically, on August 25, 2022, Plaintiff, through his counsel, served Defendants with a written pre-suit demand and notice regarding his FMWA claims, requesting that Defendants pay him and the putative FMWA class the minimum wages owed to them. Defendants refused to pay Plaintiff or the FMWA class any wages whatsoever.

**FLSA COVERAGE**

26.     Defendant, Umberto's restaurant, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Umberto's restaurant had at least two (2) or more employees

engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

27.     During all time periods pertinent hereto, Defendant, Umberto's restaurant, employed two (2) or more people who regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, oil, chicken wings, onions, peppers, shrimp, beef, steak, bread, hot sauce, cheese, marinara sauce, jalapenos, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

28.     Defendant, Umberto's restaurant, had annual gross revenue in excess of $500,000.00 in 2018, 2019, 2020, 2021 and 2022.

## GENERAL ALLEGATIONS

29.     During all times material hereto, Defendant, Corteo, was an owner, operator, and corporate officer of Umberto's restaurant.

30.     Defendant, Corteo, had supervisory authority over Plaintiff and all other Servers during all times material hereto.

31.     Defendant Corteo also had hiring and firing authority over Plaintiff and all other Servers during all times material hereto.

## DEFENDANTS FAIL TO PROVIDE SUFFICIENT
## NOTICE OF THE TIP CREDIT

32.     When Defendants hire Servers they fail to provide sufficient notice of the tip credit under federal and Florida law.

33.     Defendants also fail to provide Servers with the requirements for a valid tip pool, as required by 29 U.S.C. § 203(m).

34.     Nevertheless, during all times material hereto, Defendants claimed a tip credit under federal and Florida and paid Plaintiff and all other Servers a reduced wage for tipped employees.

35.     Upon information and belief, Defendants paid Servers a reduced cash wage of $5.23 per hour in 2018, $5.44 per hour in 2019, $5.44 per hour in 2020, $5.63 per hour from January 1, 2021, through September 29, 2021, and $6.98 per hour from September 30, 2021, through September 29, 2022.

## DEFENDANTS FAILED TO PAY PLAINTIFF SUFFICIENT REDUCED WAGE
## IN ORDER TO TAKE A TIP CREDIT UNDER FLORIDA LAW

36.     In 2020, the Florida Minimum Wage was $8.56 per hour.

37.     The applicable reduced wage in Florida for tipped employees in 2020 was $5.54 per hour.

38.     In 2020 the Defendants only compensated Plaintiff $5.44 per hour instead of $5.54 per hour which was required in order for Defendants to take the $3.02 tip credit under Florida law.

39.     Accordingly, Defendants are not permitted to apply the tip credit toward the Florida Minimum Wages it owed to Plaintiff in 2020.

40.     Defendants owe Plaintiff the full Florida Minimum Wage for every hour he worked in 2020.

## DEFENDANTS REQUIRE SERVERS TO WORK MORE THAN 40 HOURS PER WEEK WITHOUT PAYING THEM FEDERAL OVERTIME WAGES

41.     During all times material hereto, Defendants regularly required Plaintiff and all other Servers to work more than forty (40) hours per workweek.

42.     However, Defendants categorically failed to pay Plaintiff and all other similarly situated Servers overtime wages at time and one half their regular hourly rates, including during weeks when Servers worked more than forty (40) hours.

43.     Instead of paying Plaintiff and all other similarly situated Servers overtime wages during the previous three (3) years, Defendants paid all Servers the tip credit wage for each hour worked, including all hours worked above forty (40) per workweek.

44.     Accordingly, Defendants failed to pay Servers in accordance with FLSA during the previous three (3) years.

## CLASS ALLEGATIONS

45.     Class members are treated equally and similarly at the Umberto's restaurant owned and operated by Defendants, in that Defendants failed to provide class members with statutory tip notice under Florida law during the previous five (5) years.

46.     Defendants employed at least fifty (50) Servers at their 1320 N. University Drive in Pembroke Pines, Florida 33024 restaurant who were not provided the required tip notice under Florida law during the past five (5) years.

47.     At all times material hereto, Defendants had express or constructive knowledge of the work performed by Plaintiff and all other similarly situated Servers.

48.     Moreover, at all times material hereto, Defendants had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

49.     Plaintiff and the class members performed the same or substantially similar job duties for Defendants at the Umberto's restaurant and were otherwise paid in an identical manner by Defendants.

50.     During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendants took no action to rectify their illegal pay practices.

51.     Although Defendants were aware of the requirements of the FLSA, Florida Constitution, and FMWA, and the pertinent regulations thereto, Defendants willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

**COUNT I – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TIP NOTICE CLASS)**

52.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

53.     Defendants violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage and failing to provide Plaintiff and putative class members the statutorily required tip notice during the previous five (5) years.

54. Defendants therefore forfeit any tip credit under Florida law and owe each Server *at least* $3.02 for each hour of work they performed during the previous five (5) years.

55. On August 25, 2022, Plaintiff served Defendants with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of himself and a class of all similarly situated Servers.

56. More than 15 days have elapsed since Plaintiff served Defendants with his written pre-suit Notice and Defendants have failed to tender full payment to Plaintiff and the class.

57. In 2018, the Florida Minimum Wage was $8.25 per hour.

58. In 2019, the Florida Minimum Wage was $8.46 per hour.

59. In 2020, the Florida Minimum Wage was $8.56 per hour.

60. From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

61. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

62. From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

63. Plaintiff and the proposed Tip Notice Class members were subjected to similar violations of the FMWA and Florida Constitution.

64. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida minimum wages in accordance with the Florida Constitution:

**All Servers who worked for Defendants during the five (5) years preceding this lawsuit who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

## RULE 23 CLASS ALLEGATIONS

65.     Plaintiff bring this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

66.     The putative Tip Notice Class members are treated equally and similarly by Defendants, in that they were denied full and proper Florida minimum wages based on Defendants' failure to provide Plaintiff and similarly situated Servers proper notice of Defendants' intent to rely upon a tip credit under Florida law.

67.     *Numerosity:* Defendants employed in excess of 50 Servers in the class during the past five (5) years who were not provided the required tip notice; nevertheless, Defendants claimed a tip credit for the Tip Credit Class. Given Defendants' considerable size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

68.     Plaintiff and the class members were subject to the same employment policies.

69.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Tip Credit Class were "employees" of Defendants; (b) Whether Plaintiff and the Tip Credit Class's hours were properly recorded; (c) Whether Defendants violated the Florida minimum wage rights of Plaintiff

and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit during the previous five (5) years; (d) Whether Defendants provided Plaintiff and all other Servers with with the requirements for a valid tip pool during the previous five (5) years; (e) Whether Defendants willfully or intentionally refused to pay Plaintiff and the Tip Notice Class Florida minimum wages as required under Florida law; (f) Whether Defendants knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (g) The nature, extent, and measure of damages suffered by Plaintiff and the Tip Notice Class based upon Defendants' conduct.

70.     *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from Defendants' company-wide policy of paying all Servers a reduced tip credit wage without providing statutorily required notice of taking a tip credit.

71.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class.  Plaintiff is interested in pursuing his claims against Defendants vigorously and has retained counsel competent and experienced in class and complex litigation.

72.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action,

and no superior alternative exists for the fair and efficient adjudication of this controversy.

73.     Defendants have acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole. Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendants.

74.     Without a class action, Defendants will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

75.     Plaintiff and the Tip Notice Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendants based on Defendants' failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when Defendants claimed a tip credit.

76.     Plaintiff and the Tip Notice Class members were not paid proper Florida minimum wage during the relevant time period.

77.     Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

78.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants;

however, Plaintiff estimate that the total number of putative Tip Notice Class members exceeds 50 Servers.

79.     This action is intended to include each Server who worked at Umberto's restaurant located at 1320 N. University Drive in Pembroke Pines, Florida 33024, during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

80.     During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt Server employees of Defendants.

81.     Plaintiff and the Tip Notice Class members performed work as Servers which was an integral part of Defendants' business.

82.     Defendants violated the FMWA and Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite tip credit notice.

83.     The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices.

84.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

85.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the

class likely will not obtain redress of their damages and Defendants will retain the proceeds of their violations of the FMWA and Florida Constitution.

86.     Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

87.     The relief sought is common to the entire class including, inter alia: (a) Payment by Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; and (b) Payment by Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendants' intentional and/or willful violations.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully request that this Honorable Court enter judgment in his favor and against Defendants, CORTEO BROTHERS, INC d/b/a UMBERTO'S RESTAURANT & PIZZERIA, and SALVATORE CORTEO, individually, and award Plaintiff and the putative class: (a) unliquidated Florida minimum wage damages to be paid by Defendants, jointly and severally; (b) the tip credit unlawfully claimed by Defendants, to be paid by Defendants jointly and severally; (c) liquidated damages to be paid by Defendants, jointly and severally; (d) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 to be paid by Defendants, jointly and severally, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP NOTICE COLLECTIVE)

88.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

89.     Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during his employment with Defendants.

90.     Defendants attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers with the tip credit notice required under federal law during the previous three (3) years.

91.     Plaintiff and the putative collective of Servers are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

92.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Tip Notice Collective:

> **All Servers who worked for Defendants during the three (3) years preceding this lawsuit who did not receive proper notice from Defendants that they would be taking a tip credit toward the required federal minimum wage.**

93.     Defendants knew Plaintiff and the Tip Notice Collective performed work but willfully failed to pay Plaintiff and the Tip Notice Collective full federal minimum wages, contrary to the FLSA.

94.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the Tip Notice Collective have been damaged in the loss of federal

minimum wages for one or more weeks of work during their employment with Defendants.

95.    Defendants' willful and/or intentional violations of law entitle Plaintiff and the Tip Notice Collective to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, CORTEO BROTHERS, INC d/b/a UMBERTO'S RESTAURANT & PIZZERIA, and SALVATORE CORTEO, individually, and award Plaintiff and the Tip Credit Collective: (a) unliquidated federal minimum wage damages to be paid by Defendants, jointly and severally; (b) the tip credit unlawfully claimed by Defendants, payable jointly and severally; (c) liquidated damages to be paid by Defendants, jointly and severally; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by Defendants, jointly and severally; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**COUNT III – COLLECTIVE ACTION FOR FEDERAL OVERTIME WAGE VIOLATIONS**
**(FEDERAL OVERTIME WAGE COLLECTIVE)**

96.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

97.    Plaintiff alleges this claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

98.    Plaintiff seeks to recover federal overtime wages for himself and the following similarly situated Federal Overtime Wage Collective:

> **All Servers who were not paid federal overtime wages for their work above forty (40) hours in a workweek during the three (3) years preceding this lawsuit.**

99.     Defendants paid Plaintiff and all similarly situated Servers a tip credit wage; however, Defendant failed to pay Plaintiff and every other Server overtime wages at time and one half their regular hourly rate when they worked in excess of forty (40) hours per week during the previous three (3) years.

100.     Plaintiff and the Federal Overtime Wage Collective were non-exempt employees of Defendants.

101.     Plaintiff and all similarly situated Servers worked more than forty (40) hours per week in one or more workweeks within the previous three (3) years.

102.     Plaintiff claims the applicable federal overtime wage rate for all hours over forty (40) that he worked during the previous three (3) years.

103.     Defendants willfully and intentionally refused to pay Plaintiff and the Federal Overtime Wage Collective federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

104.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff and the Federal Overtime Wage Collective to an additional amount of liquidated, or double, damages.

105.     Because Defendants willfully and/or intentionally violated of the FLSA, the statute of limitations should be three (3) years as opposed to two (2) years.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, CORTEO BROTHERS, INC d/b/a UMBERTO'S RESTAURANT & PIZZERIA, and award Plaintiff and the Overtime Wage Collective: (a) unliquidated damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants,

jointly and severally; (c) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

<u>COUNT IV – FLORIDA MINIMUM WAGE VIOLATIONS</u>
**(FAILURE TO COMPENSATE APPLICABLE REDUCED)**

106.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

107.    Plaintiff alleges this claim pursuant to the Florida Minimum Wage Act ("FMWA"), F.S. 448.110.

108.    On August 25, 2022, Plaintiff served Defendants with a written pre-suit Notice pursuant to Fla. Stat. § 448.110.

109.    Plaintiff seeks to recover Florida Minimum Wages based on Defendants' failure to compensate him the applicable reduced wage in 2020.

110.    Defendants paid Plaintiff a reduced wage of $5.44 per hour in 2020 when the applicable reduced wage for tipped employees was $5.54.

111.    Defendants' failure to compensate Plaintiff at least the applicable reduced wage of $5.54 per hour in 2020 entitles Plaintiff to recover the full Florida Minimum Wage for all hours worked in 2020.

112.    Plaintiff claims the applicable Florida Minimum Wage rate for all hours worked in 2020.

113.    Defendants willfully and intentionally refused to pay Plaintiff the Florida Minimum Wages he was owed as required by the FMWA, as Defendants knew or should have known of the FMWA's wage requirements.

114.    Defendants' willful and/or intentional violations of Florida wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

115.    Because Defendants willfully and/or intentionally violated FMWA, the statute of limitations should be five (5) years as opposed to four (4) years.

WHEREFORE, Plaintiff, JOSHUA WINDHEIM, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, CORTEO BROTHERS, INC d/b/a UMBERTO'S RESTAURANT & PIZZERIA, and award Plaintiff: (a) unliquidated damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs permitted under the FMWA to be paid by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA WINDHEIM, on behalf of himself and each collective and class demands a trial by jury on all appropriate claims.

**Date: January 25, 2023.**

Respectfully Submitted,
**USA EMPLOYMENT LAWYERS**
**JORDAN RICHARDS PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By:  */s/ Jordan Richards*
JORDAN RICHARDS, ESQ.
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQ.
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 25, 2022.

                                   By: */s/ Jordan Richards*_____
                                   JORDAN RICHARDS, ESQUIRE
                                   Florida Bar No. 108372

                          ## SERVICE LIST