# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

## CASE NO: 0:23-cv-60140

JOSHUA WINDHEIM, on behalf of himself and all others similarly situated,

    Plaintiff(s),

v.

CORTEO BROTHERS, INC. d/b/a
UMBERTO'S RESTAURANT & PIZZERIA,
and SALVATORE CORTEO, individually,

    Defendants.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, JOSHUA WINDHEIM ("Plaintiff") and Defendants, CORTEO BORTHERS, INC., d/b/a UMBERTO'S RESTAURANT & PIZZERIA, and SALVATORE CORTEO (collectively "Defendants") (Plaintiff and Defendants collectively "the Parties"), by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Settlement Agreement and Request For Order of Dismissal with Prejudice, and state as follows:

### I.    FACTUAL BACKGROUND

Plaintiff filed a Class/Collective Action Complaint against Defendants on January 25, 2023. *D.E. 1*. The Complaint alleges that: (1) Plaintiff worked for Defendants as a non-exempt restaurant server from on or about October 19, 2019 until in or around August 2020; (2); Defendants failed to provide Plaintiff and all other similarly situated individuals with tip notice; (3) Defendants failed to pay Plaintiff overtime wages in one (1) or more workweeks; and (4) Defendants underpaid Plaintiff by 10 cents per hour in 2020. *Id.* Defendants expressly deny that Plaintiff ever performed work for which he was not fully and legally compensated, expressly deny

that Plaintiff ever worked more than 40 hours in any workweek and expressly assert that they provided Plaintiff and every other tipped employee with statutory tip notice. Soon after this case was filed, Defendants voluntarily furnished Plaintiff's counsel with documents supporting their defenses and the Parties evaluated their claims and defenses. In order to avoid the expense and uncertainty of protracted litigation, the Parties negotiated a settlement agreement ("the Agreement") through counsel and reached an accord on all material terms. A copy of the fully executed settlement agreement is attached as **Exhibit A**. The settlement reached in this case provides Plaintiff with fair and reasonable compensation for Plaintiff's contested FLSA and Florida Minimum Wage claims. Moreover, Plaintiff's alleged overtime wage claims are completely uncompromised.[1] Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request For Order of Dismissal with Prejudice.

II. **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the

---

[1] Even if Defendants violated the Florida Minimum Wage Act by paying Plaintiff $5.44 per hour in 2020 when reduced wage for tipped employees in Florida was $5.45 per hour (which Defendants deny), Defendants compensated Plaintiff **above** the statutory minimum wage for tipped employees under federal law.

Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. S*ee Aguila v. Ratel USA, Inc. et al.*, Case No. 0:21-cv-61449-AOV, D.E. 37 (S.D. Fla. Oct. 12, 2021); *Wicklow v. Belcarra, Inc. et al.*, S.D. Fla. Case No. 0:21-cv-60370-WPD, D.E. 18 (S.D. Fla. April 27, 2021); *Mercado v. Snyder.*, 2015 WL 11142629 at *1 (S.D. Fla. Dec. 11, 2015); *see also Perez v. PJ'S Land Clearing & Excavating, Inc.*, 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or the computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

Here, Defendants payroll records appear to show that Plaintiff rarely worked more than forty (40) hours in a workweek. However, Defendants timeclock records indicate that the Plaintiff failed to record the time he left work on two occasions which caused the payroll error and that he was compensated above the federal minimum wage for tipped employees throughout his employment period. Without admitting any liability as to the alleged wage violations, Defendants have agreed to pay Plaintiff a 100% of the overtime wages and minimum wages he claims to be owed, <u>plus liquidated damages and additional consideration</u>. *See Exhibit A*. If Plaintiff had proceeded to trial, a jury could have determined that Plaintiff was not entitled to any damages. In

order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See Davidson v. Golden Bay Towers, Inc.*, 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability).

The undersigned counsel, who are experienced in wage and hour litigation, view the settlement as a fair and reasonable outcome for the Parties. In addition, the attorney's fees and costs that are payable to Plaintiff's counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in *Lynn's Food Stores, Inc.* because Plaintiff is being paid more than he is allegedly owed. *See Exhibit A.* Therefore, the Settlement Agreement represents a fair and reasonable resolution in light of the various contested issues.

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning overtime and minimum wages, and request that this Honorable Court approve the Settlement Agreement, enter an order of dismissal of all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for thirty (30) days.

**Dated: March 20, 2023**

Respectfully submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS**<br>**JORDAN RICHARDS, PLLC**<br>*Counsel for Plaintiff*<br>1800 SE 10th Ave, Suite 205<br>Fort Lauderdale, Florida 33316<br>Tel: (954) 954-871-0050<br><br>By:/s/ *Jake S. Blumstein*<br>**JORDAN RICHARDS, ESQ.**<br>Fla. Bar No. 108372 | **DAVITIAN LAW, P.A.**<br>Counsel for Defendants<br>1620 NE 5th St.<br>Fort Lauderdale, FL 33301<br>Tel: (954) 488-2420<br><br>By:/s/ *Noreek S. Davitian*<br>**NOREEK S. DAVITIAN, ESQ.**<br>Fla. Bar No. 367149<br>nick@davitianlaw.com |

**JAKE S. BLUMSTEIN, ESQ.**
Fla. Bar No. 1017746
jordan@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was served by CM/ECF on all parties listed below on this 20th day of March 2022.

By: *Jake S. Blumstein*
JAKE S. BLUMSTEIN, ESQ.
Fla. Bar No. 1017746

## SERVICE LIST:

**NOREEK S. DAVITIAN, ESQ.**
Fla. Bar No. 367149
nick@davitianlaw.com
**DAVITIAN LAW, P.A.**
Counsel for Defendants
1620 NE 5th St.
Fort Lauderdale, FL  33301
Tel: (954) 488-2420